FILED
2026 Mar-25  PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**MARLON TOLLIVER,**

    **Plaintiff,**

**v.**

                        **Case No.: 2:25-cv-812-HDM**

**CITY OF BIRMINGHAM,**

    **Defendant.**

## MEMORANDUM OPINION

This case is before the court on Defendant City of Birmingham's motion to dismiss. (Doc. 6). Plaintiff Marlon Tolliver, a sergeant in Birmingham's police force, sued the city for race and age discrimination and retaliation after he received verbal discipline for failing to adequately cover a vehicle checkpoint assigned to him. For the reasons stated below, the court **GRANTS IN PART** and **DENIES IN PART** City of Birmingham's motion.

## BACKGROUND

Tolliver pleaded the following facts, which the court accepts as true at the motion-to-dismiss stage:

Tolliver, an African American male over the age of 40, has worked as a police officer with the City of Birmingham (the "City") since October 2009. (Doc. 1, ¶¶ 5, 6). On July 20, 2019, the City promoted Tolliver to Sergeant. *Id.*, ¶ 6. On December

27, 2022, prior to the events underlying this lawsuit, Tolliver filed a separate employment lawsuit against the City alleging racial discrimination. *Id.*, ¶ 8. At the time he filed the case at bar, the prior employment lawsuit was still pending.[1] *Id.*

On the weekend of July 4, 2023, Tolliver and two other sergeants were scheduled to work. *Id.*, ¶ 9. The two other sergeants were Edwin Jones (African American) and Benjamin Poe (white). *Id.*, ¶ 10. Poe is under the age of forty. *Id.*, ¶ 11. As a part of the three sergeants' duties for the weekend, they were to work a vehicle checkpoint. *Id.*, ¶ 12. However, because of a high call volume for the holiday weekend, the sergeants were unable to "adequately man" the checkpoint. *Id.*, ¶ 13.

On July 25, 2023, Captain Hanks, a white supervisor, *see id.*, ¶ 14, issued "verbal discipline" to Tolliver and Jones regarding their failure to adequately man the vehicle checkpoint over the Fourth of July weekend, *id.*, ¶ 14. Tolliver contends that "[v]erbal discipline moves an employee along the disciplinary spectrum up to and including termination." *Id.*, ¶ 15.

Poe was not present during the conversation between Hanks, Tolliver, and Jones. *Id.*, ¶ 16. When Tolliver asked why Poe was not present, Hanks said that Poe had *not* failed to staff the vehicle checkpoint. *Id.*, ¶ 17. Tolliver believes that this is untrue because he, Jones, and Poe were "all tasked with responding to various violent

---

[1] The prior lawsuit, *Tolliver v. City of Birmingham*, 2:22-cv-1613-AMM, was dismissed on June 11, 2025. (Doc. 41).

2

crime calls around the city, which had interfered with their ability to man the checkpoint." *Id.* Ultimately, Poe did not receive the verbal discipline that Tolliver received. *Id.*, ¶ 18. Tolliver did not plead whether this verbal reprimand regarding work assigned to him was memorialized in his personnel file, resulted in written discipline, or led to any further employment action against him.

On August 18, 2023, Tolliver filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") regarding this incident. (Doc. 1-1). On February 26, 2025, the EEOC issued a Determination and Notice of Rights letter to Tolliver informing him of his right to sue. (Doc. 1-2). On May 27, 2025, Tolliver filed this lawsuit against the City, alleging that the City discriminated and retaliated against him by issuing the verbal discipline on July 25, 2023, violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and 42 U.S.C. §§ 1981 and 1983. (Doc. 1).

On September 10, 2025, the City moved to dismiss all counts of Tolliver's complaint for failure to state a claim upon which relief can be granted. (Doc. 6). The motion is fully briefed. (*See* Docs. 6, 10, 11). The court agrees with the City in part.

## LEGAL STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). However, to

3

withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because Tolliver is defending against a motion to dismiss, the court accepts his well-pleaded factual allegations as true and construes them in the light most favorable to him. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

## DISCUSSION

### I.    Title VII

Tolliver brings two claims under Title VII: disparate treatment race discrimination (Count I) and retaliation (Count III).

### A. Discrimination

The City argues that Tolliver's Title VII race discrimination claim is due to be dismissed because the only employment action alleged—a verbal reprimand—does not amount to an adverse employment action under the statute.

Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual" or to discriminate against him "with respect to his compensation, terms, conditions, or privileges of employment" because of his race. 42 U.S.C. § 2000e-2(a). To make out a prima facie case of racial discrimination, a plaintiff must show that (1) he belongs to a protected class; (2) he was qualified to do the job; (3) he faced an adverse employment action; and (4) his employer treated similarly situated employees outside his class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). While Tolliver does not have to plead the elements of a *prima facie* case to survive the City's motion to dismiss, he must provide sufficient factual matter to suggest intentional race discrimination. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015); *see also Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011).

As the Supreme Court has recently explained in *Muldrow v. City of St. Louis, Missouri*, so long as a plaintiff can "show some harm respecting an identifiable term or condition of employment," that is enough to establish an adverse employment action. 601 U.S. 346, 355 (2024). Under the *Muldrow* framework, Tolliver's allegation—verbal discipline that moved him further along a progressive disciplinary track—suffices to show, at the pleading stage, "some harm." *Id.* Furthermore, Tolliver pleaded that Sergeant Poe, like Tolliver, failed to adequately man the vehicle checkpoint over the Fourth of July weekend, but Poe did not receive

any discipline for this conduct. This suggests that Poe was similarly situated to Tolliver but was treated more favorably, which Tolliver alleges is due to intentional discrimination on the basis of race. Based on these factual allegations, at the motion-to-dismiss stage, Tolliver has stated a claim for race discrimination under Title VII. Accordingly, the court **DENIES** the City's motion with respect to Count I.

### B. Retaliation

To state a Title VII retaliation claim, a plaintiff must allege that (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there was some causal relation between the two events. *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020). Tolliver has not alleged any facts to support the third element—a causal connection—and this claim must be dismissed.

The causal connection element requires a plaintiff to show "that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (quoting *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000)). At the motion-to-dismiss stage, a plaintiff must allege at least the causal connection element and show that the individual accused of retaliatory mistreatment was aware of the protected conduct. *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 397 (11th Cir. 2012); *Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1053 (11th Cir. 2020) ("As a starting point for any retaliation

claim, a plaintiff needs to show (among other things) that the decisionmaker actually knew about the employee's protected expression."). Here, Tolliver would need to allege that Hanks was aware of his protected activity—the 2022 EEOC charge or the related lawsuit—and that the verbal discipline was not wholly unrelated to the protected activity. He does not do so.

Tolliver has not alleged any facts indicating that Hanks was aware of his previous EEOC charge or lawsuit. (*See generally* Doc. 1). This failure is fatal to his claim. *Uppal*, 482 F. App'x at 397 (holding that the plaintiff failed to allege any kind of causal relationship between the protected conduct and the adverse employment action when she did not allege that the decisionmaker was aware of the protected conduct). In his complaint, Tolliver makes the conclusory allegation that he "was discriminated against on the basis of his race and age and in retaliation [sic] for his prior complaints of discrimination," (doc. 1, ¶ 19), but he does not support this conclusory allegation with any facts alleging Hanks's knowledge. The court cannot infer this causal link when Tolliver has not alleged any facts supporting a connection between his protected activity and alleged verbal discipline. Therefore, the City's motion is **GRANTED** with respect to Count III (Title VII).[2]

---

[2] Tolliver pleaded retaliation in violation of Title VII and 42 U.S.C. § 1981 via § 1983 in the same count (Count III). Since these are two separate causes of action, the claims should have been brought in two distinct counts.

## II.    The Age Discrimination in Employment Act of 1967

The Age Discrimination in Employment Act of 1967 (the "ADEA") prohibits employers from discriminating against an individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). The act limits its application to individuals who are at least 40 years old. 29 U.S.C. § 631(a). Tolliver is over the age of 40, (doc. 1, ¶ 5), and alleges he was subjected to "unequal treatment regarding his employment because of his age," *id.*, ¶ 55. To assert an action under the ADEA, Tolliver must allege that his age was the "but-for" cause of an adverse employment action. *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015). Tolliver has alleged no facts to show that his age was a cause, much less the "but-for" cause, of the verbal discipline. Tolliver cannot assert an ADEA claim just because he is over forty and was reprimanded for not staffing the checkpoint as assigned. He claims that the City "discriminated against [him] on the basis of his age in discipline and other terms and conditions of employment," (doc. 1, ¶ 56), but the court is not required to accept this legal conclusion as true. *Iqbal*, 556 U.S. at 678–79. There are simply no allegations from which the court could infer that the verbal discipline was in any way related to Tolliver's age. Accordingly, the City's motion is **GRANTED** with respect to Count IV.

8

### III.   Section 1981 via Section 1983

Tolliver alleges claims for race discrimination (Count II) and retaliation (Count III) under 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The City is a state actor, and Tolliver cannot sue it directly under Section 1981 but must do so through the enforcement mechanism of Section 1983. *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008) ("Section 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of § 1981 violations must be brought pursuant to § 1983."). A municipality may be held liable for a plaintiff's injury "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). To adequately plead a "widespread practice or custom of racial discrimination or retaliation" for purposes of imposing Section 1983 municipal liability, a plaintiff must allege such a "longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they *must have known* about it but failed to stop it." *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1329 (11th Cir. 2020) (quoting *Brown v. Cty. of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991)).

Here, Tolliver does not plead a single factual allegation that the City has a policy or custom that caused the injuries he claims. He also fails to plead that Hanks,

9

the only individual alleged to have taken an employment action against him, is an authorized official whose acts represent official policy. *See Monell*, 436 U.S. at 694. Accordingly, the City's motion is **GRANTED** with respect to Count II and Count III (Section 1981).

## CONCLUSION

For the reasons stated herein, the City's motion to dismiss, (doc. 6), is **GRANTED IN PART** and **DENIED IN PART**. Tolliver **SHALL** file any first amended complaint on or before April 24, 2026. Should Tolliver instead decide to stand on the initial complaint, (doc. 1), and proceed with only the Title VII discrimination claim, then Tolliver **SHALL** file a notice to that effect.

**DONE** and **ORDERED** this 25th day of March, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE